JUDGE SWEET

**14 CV 1286**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LINDA MARTINEZ,

                       Plaintiff,        JURY TRIAL DEMANDED

    -against-

                                    **COMPLAINT**

THE CITY OF NEW YORK, a municipal entity;
THE NEW YORK CITY POLICE DEPARTMENT;
POLICE OFFICER MIGDALIA CHU of the 48th     ECF CASE
Precinct;

                       Defendants.
------------------------------------------------------------------X

       Plaintiff LINDA MARTINEZ, by her attorney CHRISTOPHER H. FITZGERALD, Esq., complaining of the defendants, respectfully alleges the following:

                  **I.    PRELIMINARY STATEMENT**

1. Plaintiff LINDA MARTINEZ brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

                  **II.    JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

                  **III.    VENUE**

4. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and § 1402(b) because Defendant CITY of NEW YORK maintains its primary and relevant places of business in this district.

## IV.   JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V.   THE PARTIES

6. That at all times hereinafter mentioned, the plaintiff was a resident of the County of the Bronx, City and State of New York.

7. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

8. That at all times hereinafter mentioned, the defendant, NEW YORK CITY POLICE DEPARTMENT, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

9. That at all times hereinafter mentioned, the defendant, POLICE OFFICER MIGDALIA CHU (hereinafter, "P.O. CHU") was and still is employed with the NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD").

10. That prior to the institution of this action, a Notice of Claim was duly served upon and filed with the City of New York on behalf of the plaintiff, on February 4, 2013.

11. That on or about April 1, 2013, a hearing was held by the CITY OF NEW YORK pursuant to General Municipal Law 50(h).

12. That at all times hereinafter mentioned, the defendant officer was acting within the scope and course of her employment with the New York Police Department, and under color of state law.

13. That at all times hereinafter mentioned, all of the actions of the officer alleged herein were done within the scope and course of her employment with the New York Police Department and under the color of state law.

14. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## VI. STATEMENT OF FACTS

15. On or about November 28, 2012, at approximately 3pm, plaintiff Linda Martinez was a lawful patron of The Check Cashing Place, located at 544 East Fordham Road, Bronx, NY 10458.

16. On this date and at this time and place, there were many other patrons inside the subject premises.

17. At approximately 3pm on November 28, 2012, plaintiff was in the process of using one of the various coin machines located inside the subject premises, The Check Cashing Place.

18. At approximately 3pm on November 28, 2012, there were approximately four uniformed officers of the NYPD present inside The Check Cashing Place.

19. Defendant P.O. CHU was one of the NYPD officers present at this location, at this date and time.

20. Defendant P.O. CHU's partner at this place and time was an African American female NYPD officer of the 48th Precinct.

21. As plaintiff utilized the coin cashing machine, her back was to defendant P.O. CHU and the other NYPD officers inside The Check Cashing Place.

22. Plaintiff heard a voice from behind her, yelling an obscenity-laced directive, to wit: "Stop using the fucking machine."

23. As there were many patrons, and several different machines, inside The Check Cashing Place, plaintiff was not aware from whom this yelling emanated, nor at whom it was directed.

24. Plaintiff continued to use the coin cashing machine.

25. Shortly thereafter, and without provocation or warning, defendant P.O. CHU approached plaintiff from behind and grabbed plaintiff's right arm.

26. P.O. CHU twisted plaintiff's right wrist into a painful position, and began yelling obscenities in close proximity to plaintiff's face.

27. P.O. CHU's behavior caused physical pain and fear of further physical harm to plaintiff.

28. Plaintiff then asked defendant P.O. CHU, in sum and substance, "What's going on? I can't use the machine?"

29. Defendant P.O. CHU continued to scream obscenities from a close proximity to plaintiff.

30. For several minutes, during this incident, plaintiff was unable to move from this painful position due to the physical force exerted by defendant P.O. CHU.

31. For several minutes, plaintiff did not feel free to leave because of the position of authority occupied by P.O. CHU.

32. Defendant P.O. CHU's partner, another NYPD officer of the 48th Precinct, came over and pulled her away from plaintiff.

33. Defendant P.O. CHU then averred to plaintiff, to wit: "I will take off my gun and badge and beat the shit out of you."

34. Plaintiff felt her physical safety threatened by P.O. CHU's actions and words.

35. Plaintiff then expressed the intention to report defendant P.O. CHU's behavior to her supervisor or other body of oversight.

36. Defendant P.O. CHU and her partner then left the premises, entered their vehicle, and drove away.

37. Plaintiff was not charged or processed for any crime.

38. Plaintiff called 911 to report the incident from her cell phone.

39. The subject incident resulted in severe pain and swelling to plaintiff's right wrist.

40. As a result of the subject incident, plaintiff suffered serious and debilitating injuries to her right wrist.

41. Plaintiff has undergone significant diagnostic and rehabilitative treatment for the injury to her right wrist and arm, and has treated with numerous physicians and medical facilities.

42. As a result of the subject incident, plaintiff was forced to cut back on her hours of a beautician, resulting in lost earnings.

43. Plaintiff filed a complaint with the Civilian Complaint Review Board, and gave a statement on January 15, 2013 before Investigator Rodriguez and Investigator Casados of the CCRB.

44. On December 10, 2013, the CCRB issued it's finding on the complaint filed by plaintiff. The CCRB made a finding of "substantiated" on the Allegation of Abuse of Authority against P.O. MIGDALIA CHU.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

46. All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

47. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

48. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under supervision of ranking officers of said department.

50. The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer physical, psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. §1983

52. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

53. Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK POLICE DEPARTMENT and CITY OF NEW YORK.

54. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

55. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

56. As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF AND RETALIATION FOR
## THE EXERCISE OF RIGHTS AND FREE SPEECH AND ASSEMBLY UNDER
## 42 U.S.C. §1983

57. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

58. By the actions described above, the defendants violated, and retaliated for the exercise of the free speech and assembly rights of the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the United States Constitution, and the laws and Constitution of the State of New York.

59. The Supreme Court of the United States has consistently held that people have a 1st amendment right to verbally challenge police action. City of Houston v. Hill, 482 U.S. 451 (1987).

## FOURTH CLAIM FOR RELIEF
## FALSE ARREST, FALSE IMPRISONMENT AND EXCESSIVE FORCE
## UNDER STATE LAW

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

61. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority of the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

62. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses.

63. At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

64. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiff against her will and without her consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff without reasonable cause thereof, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

65. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

66. That plaintiff was conscious of the confinement.

67. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

68. By the actions described above, the individual and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the

plaintiff and violated her statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

69. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

### FIFTH CLAIM FOR RELIEF ASSAULT AND BATTERY

70. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

71. By the actions stated above, the defendants did inflict assault and battery on the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. As a result of the foregoing, plaintiff was deprived of her liberty and property, was not able to work, and experienced pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

### SIX CLAIM FOR RELIEF
### NEGLIGENCE

73. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

74. Defendants negligently caused emotional distress, physical and psychological harm, and damage to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated her statutory and common law rights as guaranteed by the laws an Constitution of the state of New York.

75. As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

### SEVENTH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL HARM

76. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

77. Defendants negligently caused emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78. As a result of the foregoing, plaintiff was caused to suffer psychological and emotional injuries, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and his standing within his community.

## EIGHT CLAIM FOR RELIEF
## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION and TRAINING

79. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

80. Defendant CITY OF NEW YORK negligently hired, screened, retained, supervised, and trained the individual defendant. The acts and conduct of the defendant were the direct and proximate cause of injury to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81. As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and his standing within her community.

## NINTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER MONELL ARISING FROM UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983

82. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

83. Defendants arrested and battered plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and battery would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

84. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

85. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

86. As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

87. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

88. As a result of the defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:
   a. Compensatory damages;
   b. Punitive damages;
   c. The convening and empaneling of a jury to consider the merits of the claims herein;
   d. Costs and interest and attorney's fees;
   e. Such other and further relief as this court may deem appropriate and equitable.

DATED:
   New York, New York
   February 25, 2014

Respectfully submitted,

**The Law Office of Christopher H. Fitzgerald**
*Counsel for Plaintiff*

By: Christopher H. Fitzgerald, Esq.
(CF-1415)
233 Broadway, Suite 2348
New York, NY 10279
(646)580-3489